UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENESYS, INC.,

Plaintiff,

v.

JAN E. (LIZ) COWLES AND
ZENITH AMERICAN SOLUTIONS,
INC.,

Defendant.
_____/

Case No. 17-cv-11882

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SCHEDULING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

This is breach of contract case based on an alleged violation of a non-compete provision. Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [5].

Plaintiff, BeneSys, Inc. (hereinafter "Plaintiff" or "BeneSys"), is a Michigan corporation and an administrator of Taft-Hartley benefits. Dkt. No. 1, pp. 1–2 (Pg. ID 1–2). On June 13, 2017, Plaintiff filed a complaint against former employee, Jan E. (Liz) Cowles (hereinafter "Ms. Cowles"), and Zenith American Solutions, Inc. (hereinafter "Zenith").

According to the Complaint, Ms. Cowles accepted employment with BeneSys on July 28, 2015 as a Privacy Officer and Director of Compliance. *Id.*, pp.

-1-

2–3 (Pg. ID 2–3). Pursuant to the employment agreement between Ms. Cowles and BeneSys, Ms. Cowles agreed to several non-compete provisions. Dkt. No. 1-2, pp. 2–3 (Pg. ID 16–17).

Ms. Cowles resigned from BeneSys on May 2, 2017. Dkt. No. 1, p. 5 (Pg. ID 5). BeneSys recently discovered that Ms. Cowles is now the Director of Northwest Operations at Zenith, a third-party administrator of Taft-Hartley benefits. *Id*. Plaintiff contends that Ms. Cowles is violating the terms of her employment agreement, yet neither Defendant has complied with BeneSys' demand to enforce the non-compete provisions and discontinue Ms. Cowles' employment. According to BeneSys, "[a]s a direct consequence of Cowles' and Zenith's action, BeneSys stands to lose its employees, clients and customer, the goodwill and referral business of its clients and customers, and revenues in an amount that cannot be readily ascertained." Dkt. No. 5, p. 16 (Pg. ID 58).

On June 20, 2017, BeneSys filed a Motion for Temporary Restraining Order and Preliminary Injunction against both Ms. Cowles and Zenith. Dkt. No. 5. As best as the Court can tell neither Defendant has been served with the Complaint or the Motion for Temporary Restraining Order and Preliminary Injunction.

Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit. *See University of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d

175 (1981); *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir.2001) (finding that preliminary injunctive relief "is an extraordinary measure that has been characterized as 'one of the most drastic tools in the arsenal of judicial remedies.' "). Whether to grant such relief is a matter within the discretion of the district court. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney <u>only if</u>:
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; <u>and</u>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b) (emphasis added).

The "stringent restrictions" imposed by Rule 65 "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

In this case, the Plaintiff fails to meet either requirement set forth in Rule 65(b). Plaintiff failed to explain why its motion for a temporary restraining order should be considered on an ex parte basis or why it has not served the Defendants with the Complaint or motion.

Under these circumstances, the Court finds that the drastic remedy of granting a temporary restraining order without notice is not justified.

IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [5] is DENIED IN PART.

A hearing on Plaintiff's Motion for a Preliminary Injunction is scheduled for Monday July 17, 2017 at 11:00 a.m.

It is further ORDERED that Plaintiff MUST serve Defendants with process and a copy of this order on or before June 28, 2017. Proof of service MUST be filed via CM/ECF forthwith. Defendants MUST file a response with the Court no later than July 6, 2017. Plaintiff may file a reply no later than July 11, 2017.

SO ORDERED.

Dated: June 23, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 23, 2017, by electronic and/or ordinary mail.
/s/ Marcia Beauchemin forTanya Bankston
Case Manager